# Richmond.

101   226
106   362

DOWNEY v. STROUSE & Co.

February 5, 1903.

1. TAXES—*Duty of Life Tenant—Lien on Rents—Contribution Among Remaindermen.*—It is the duty of the life tenant of real estate to pay the taxes thereon, and, if he refuses to do so, the remaindermen may have the rents thereof appropriated to that purpose. If one of the remaindermen occupies a part of the real estate as tenant of the life tenant, and receives the rents of the residue thereof, and voluntarily furnishes the life tenant with supplies from his store, he cannot apply the whole of such rents to his individual account to the exclusion of the taxes, and years afterwards call upon his co-remaindermen to contribute to reimburse him for taxes previously paid by him at the instance of the life tenant. This would be depriving them of their right to have the rents subjected to the lien thereon for taxes, and requiring them to contribute to the bounty bestowed by him upon the life tenant.

Appeal from a decree of the Corporation Court of the city of Alexandria, pronounced June 15, 1901, in a suit in chancery, wherein the appellees, L. Strouse & Co., were the complainants, and the appellant and others were the defendants.

*Affirmed.*

The opinion states the case.

*John M. Johnson,* for the appellant.

*James R. Caton* and *Samuel G. Brent,* for the appellees.

HARRISON, J., delivered the opinion of the court.

It appears from the record that Thomas Downey died in January, 1887, seised of certain real estate in the city of Alexan-

dria, which by his last will and testament he devised to his wife, Mary Downey, for life or widowhood, with remainder over to nine of his children. The widow, the life tenant, died in December, 1889, and soon thereafter this suit was brought by a creditor of Thomas D. Downey, one of the nine remaindermen, to subject his interest in the real estate left by the ancestor to the satisfaction of a judgment lien. The remaindermen filed answers uniting in the prayer of the bill that the real estate be partitioned, and if not susceptible of division in kind that it be sold, and the proceeds divided. John T. Downey, the appellant, asks that his answer may be treated as a cross bill, in which, among other things, he sets up a claim of $1,307.30, for city taxes paid by him upon the real estate for the years 1889 to 1896, inclusive, and prays that there may be a decree for the payment of such taxes out of the proceeds of the real estate. The co-remaindermen of the appellant answer this cross bill, and deny that the real estate is liable for these taxes. They aver that the taxes were due by the life tenant, the same having accrued during her lifetime, and that the payments alleged to have been made by the appellant were made for the use and benefit of the life tenant, and not at the request of the remaindermen. From a decree denying the right of appellant to be subrogated to the lien of the city, and to have satisfaction for his claim from the real estate when sold, the case is now before this court.

It appears that the appellant, who was one of the remaindermen, and a son of the life tenant, occupied during the entire period of the life estate, as renter from his mother, a valuable part of the real estate in question, for which he agreed to pay a sum that would have been more than sufficient to pay the taxes accruing each year on all the property, and that in addition he received rent to the amount of $310.70 due to his mother from another tenant of part of said real estate. It further appears that the appellant furnished his mother, from his store, supplies

of groceries and other articles, amounting to more than the rent due from him. This credit appears to have been voluntarily extended the life tenant by the appellant on his individual account, and without any understanding with appellees that they were to contribute in any way to reimburse the appellant for such outlays. The position of appellant is that he credited the rents upon his individual account against his mother, and paid the taxes for which he now claims a lien out of his own means. The effect of this would be to make his co-remaindermen contribute to such bounty as he chose to bestow upon his mother. The life tenant was in the full possession and enjoyment of the entire property, and upon her rested the duty and obligation to pay the taxes thereon as they accrued. The payments made by the appellant were at her request and for her benefit, and not at the request of, or for the benefit of, appellees. Conceding that the appellees knew that appellant was paying the taxes, they had the right to presume that he was paying them for the benefit of the life tenant, and that he was looking to her for reimbursement out of the rents and profits, which were passing through his hands to an extent more than sufficient to satisfy the taxes. They had no reason to suspect that appellant was devoting the rents to his individual benefit, and holding the taxes outstanding against them. The law makes taxes a lien on rents, and the appellees had a right to rely on this lien, and if necessary to have taken steps to enforce the same, and thereby protect their property against the large claim now asserted as a lien upon it. The appellant, by his course of dealing with his mother, has lulled appellees into a false security, and deprived them of the opportunity to protect their rights. Even if the taxes in question were a lien upon the estate of the remaindermen, as to which we express no opinion, appellant is not entitled to the relief sought in this case. To hold that he was entitled to such relief would be to deprive appellees of their rights, under the lien upon the rents,

during the life tenancy, and to enable appellant to work upon them an irreparable wrong by demanding, at this late day, reimbursement for benefactions bestowed upon his mother during her lifetime.

In this view of the case it is unnecessary to consider other questions suggested in argument.

For these reasons the decree appealed from must be affirmed.

*Affirmed.*